IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-05-SLR |
| TERRENCE ROSS, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS STATEMENTS**

Defendant, Terrence Ross, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment of the United States Constitution, for an Order suppressing for use by the government any and all statements made by the defendant to law enforcement officials on or about October 12, 2007.

In support of this motion, the defendant submits as follows:

1.      On October 12, 2007, members of the Sussex County Drug Unit executed a search warrant at 21909 Mill Park Drive, Bridgeville, Delaware.[1]  As a result of the search of that location, drugs and a shotgun were recovered.  During the course of the search, Mr. Ross was questioned by law enforcement officials.  In response to this questioning, Mr. Ross is alleged to have made several incriminating statements.

---

[1] The facts contained in this motion were taken from the police reports prepared with regard to this case.  By citing these facts in his motion, Mr. Ross does not concede that the events transpired as stated in these reports.  Additionally, Mr. Ross notes that the police reports, some of which have been redacted, may contain additional information not included in this motion.  Mr. Ross submits that an evidentiary hearing is needed to further develop the facts, which are in dispute and determinative of this motion.

2.  Mr. Ross also moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made to law enforcement officers. According to <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and its progeny. See <u>Miranda</u>, 384 U.S. at 475.

3.  It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. <u>Miranda</u>, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. <u>Id</u>. at 444.

4.  In the present case, Mr. Ross is alleged to have made several incriminating statements in response to questioning by law enforcement officials during the execution of the search warrant. No evidence has been presented to indicate that there was ever an affirmative indication of an understanding or voluntary waiver of the entire litany of constitutional rights. See <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).

5.  The government has provided no evidence that Mr. Ross was ever advised of his <u>Miranda</u> rights prior to being questioned by law enforcement officials, or that any alleged waiver of his rights was knowing, intelligent, or voluntary.

6.  Since any statements elicited from Mr. Ross were taken in violation of the Fifth Amendment and in violation of Miranda and its progeny, Mr. Ross' statements must be suppressed.

**WHEREFORE**, the defendant, Terrence Ross, respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the defendant's statements as discussed above.

                                              Respectfully submitted,

                                              /s/  
                                            Eleni Kousoulis, Esquire  
                                            Assistant Federal Public Defender  
                                            704 King Street, Suite 110  
                                            Wilmington, Delaware  19801  
                                            (302) 573-6010  
                                            ecf_de@msn.com  
                                            Attorney for Defendant Terrence Ross

Dated: March 7, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-05-SLR |
| | : | |
| TERRENCE ROSS, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The Court having considered Defendant Ross' Motion to Suppress Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any statements made by Mr. Ross on or about October 12, 2007, shall be suppressed.

_____
The Honorable Sue L. Robinson
United States District Court