IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-05-SLR |
| TERRENCE ROSS, | : | |
| Defendant. | : | |

**MOTION TO DISCLOSE INFORMATION REGARDING
CONFIDENTIAL INFORMANT AND SUPPORTING AUTHORITIES**

The defendant, Terrence Ross, through his undersigned counsel, Eleni Kousoulis, hereby moves this Honorable Court to Order: access to the confidential informant used in this case; discovery by the defense of information relating to amounts paid or other benefits provided to the informant for cooperation in this case and any other investigations and copies of files verifying such information; any information regarding the drug use, prior psychiatric history and criminal history of the confidential informant; prior testimony of the informant and any inconsistent statement made by him or her.

In support of this motion, the defense submits as follows:

1. Mr. Ross is charged with Possession with Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1).

2.  On October 12, 2007, members of the Sussex County Drug Unit executed a search warrant at 21909 Mill Park Drive, Bridgeville, Delaware.[1]  As a result of the search of that location, drugs and a shotgun were recovered.  Prior to the procurement of the search warrant, it is alleged that a confidential informant made two controlled purchase of drugs from Mr. Ross at the location listed in the search warrant. No officers were present during any of the alleged drug transaction between Mr. Ross and the confidential informant.  The confidential informant is the only alleged witness to these alleged drug transactions.

3.  In order to defend against the charges, the defense needs the identity and other specified information regarding this informant.

4.  In Roviaro v. United States 353 U. S. 53, 60 (1957) the Supreme Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." See also In re Irving 600 F. 2d 1027 (2nd Cir. 1979). The D. C. Circuit noted in Westinghouse Electric Corp. v. City of Burlington, Vermont, 351 F.2d 762 (D. C. Cir. 1965), "Roviaro states that in a wide range of cases, the privilege will not preclude disclosure, if indeed the Government chooses to invoke it at all . . .The Roviaro case stops far short of guaranteeing the anonymity of informers." Id.

5.  A balancing test has been utilized to determine whether the identity and location of the informant is to be kept secretly. See e.g., United States v. Ayala, 643 F.2d 244, 246 (5th Cir. 1981). The government's interest in this case is certainly less than Mr. Branch's right to counter the

---

[1] The facts contained in this motion were taken from the police reports prepared with regard to this case.  By citing these facts in this motion, Mr. Ross does not concede that the events transpired as stated in these reports.

government's evidence and to present a defense.

      6.      If the defendant, (through counsel) does not have access to this informant's information regarding his or her reliability pretrial, the defendant will not be able to meaningfully confront those that are accusing him. The officers were not present in the house when the alleged drug sales occurred. The officers did not observe the actual alleged sales, and instead relied on information provided solely by the informant regarding the actual details of the alleged sales. Furthermore, Mr. Ross was not the only person who had access to the house.

      7.      In order to adequately prepare a defense and assess the statements and role of the informant, as well as to assess the informant's credibility, the defense should also receive: the informant's prior testimony while acting as an informant, <u>Giordano v. United States</u>, 394 U. S. 310 (1969); <u>Johnson v. Brewer</u>, 521 F.2d 556 (8th Cir. 1975); promises he has received for consideration, <u>Giglio v. United States</u>, 405 U. S. 150 (1972); information regarding his drug or chronic alcohol history, <u>United States v. Fowler</u>, 465 F.2d 664 (D. C. Cir. 1972); any psychiatric history, <u>United States v. Lindstrom</u>, 698 F. 2d 1154 (11th Cir. 1983); and criminal history, <u>Williams v. Griswold</u>, 743 F.2d 1533 (11th Cir. 1984); <u>United States v. Auten</u>, 632 F. 2d 478 (1980).

**WHEREFORE**, for these reasons and any other reasons as shall appear to the Court after a hearing of this matter the defendant requests that this motion be granted and that the information designated be provided to the defense.

                                          Respectfully submitted,

                                          /s/
                                        Eleni Kousoulis, Esq.
                                        Assistant Federal Public Defender
                                        704 King Street, Suite 110
                                        Wilmington, Delaware 19801
                                        302-573-6010
                                        ecf_de@msn.com
                                        Counsel for Defendant Terrence Ross

DATED: March 7, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-05-SLR |
| TERRENCE ROSS, | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of defendant's Motion to Disclose Confidential Informant, it is hereby **ORDERED** that the Government disclose to the defendant's counsel the following information regarding the confidential informant in this case:

1. full name and current location of the informant;

2. the informant's criminal history;

3. any promises of consideration made and benefits given to the Government in this case and any other investigation or prosecution;

4. any records documenting benefits-financial or otherwise;

5. any information regarding prior or present psychiatric history;

6. any information regarding illegal drug use or chronic alcohol use; and

7. prior testimony of the informant in his informant's status.

It is hereby **ORDERED** this _____ day of _____, 2008.

_____
Honorable Sue L. Robinson
United States District Court