Filed in Open Court
7/31/08 NMF

PIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 08-05-SLR |
| TERRENCE ROSS | ) |
| aka "Turkman" | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Terrance Ross, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and IV of the Indictment. Count I charges him with possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). Count IV charges him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Government agrees to dismiss Counts II and III of the Indictment at or about the time of sentencing.

2. The defendant understands that the maximum sentence for Count I of is life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment. The maximum penalties for Count IV are a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty. For Count I

the elements are: (1) on or about October 12, 2007, the defendant possessed a substance; (2) the substance was more than fifty grams of cocaine base ("crack"); (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons. For Count IV the elements are: (1) the defendant knowingly possessed a firearm on or about October 12, 2007; (2) after having previously been convicted of a crime punishable by more than one year's imprisonment on November 9, 1990; and (3) the firearm affected interstate commerce, that is, it had previously crossed state lines.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count IV, to wit, a Smith and Wesson 12 gauge shotgun, serial number FS09874, seized from the defendant on October 12, 2007. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the applicable mandatory minimum penalties and the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered. ~~after the date of this agreement, the Government will not file a substantial assistance motion.~~ EK, TR, S JWE 7-31-08

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

///

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

*Eleni Kousoulis*  
Eleni Kousoulis, Esquire  
Attorney for Defendant

By: *Ilana H. Eisenstein*  
Ilana H. Eisenstein  
Assistant United States Attorney

*Terrence Ross*  
Terrence Ross  
Defendant

Dated: 7-31-08

AND NOW, this 31st day of July, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

*Sue L. Robinson*  
HONORABLE SUE L. ROBINSON  
UNITED STATES DISTRICT JUDGE